# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-0988-CV-W-NKL-P |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
### AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Christopher Gray, filed his initial pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 26, 2011. Subsequently, on October 21, 2011, he filed an amended petition on court-approved forms seeking to challenge his 2006 convictions and sentences for sexual exploitation of a minor, statutory sodomy in the first degree, and statutory rape in the first degree, which were entered in the Circuit Court of Camden County, Missouri.

Petitioner raises four grounds for relief: (1) that trial counsel was ineffective for persuading petitioner to waive a jury trial; (2) that trial counsel was ineffective for failing to have a separate trial for the charge of sexual exploitation of a minor; (3) that the state court erred in admitting testimony of a DNA witness and DNA evidence, which resulted in unfair prejudice to petitioner as to the charge of sexual exploitation of a minor; and (4) that the video tape in evidence was altered and forged. Respondent contends that grounds 1, 2, and 3 are without merit and ground 4 is procedurally defaulted.

### SUMMARY OF THE FACTS

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 29.15 Motion, the Missouri Court of Appeals summarized the facts as follows:

> The record reveals that [petitioner] was charged in three separate "FELONY INFORMATION[S]" with the following crimes: one count of the class A felony of sexual exploitation of a child [...] for "knowingly videotap[ing] and creat[ing] obscene material and child pornography with...K.G.," an eleven-year-old female child; five counts of the felony of statutory sodomy in the first degree [...] for having deviate sexual intercourse with K.G.; one count of felony statutory rape in the first degree [...] for engaging in sexual intercourse with A.G., a six-year-old female child; and one count of the felony of statutory sodomy [...] for engaging in deviate sexual intercourse with A.G. n.3 The aforementioned nine counts were consolidated for purposes of trial.
>
>> n. 3 The record reveals that K.G. and A.G. were the adopted daughters of [petitioner]. There is no need for this Court to again recite the details of the crimes charged above. A full recitation of the facts can be found in *State v. Gray*, 230 S.W.3d 613 (Mo. App. 2007).
>
> A bench trial was held in this matter on February 21, 2006. Following trial, the trial court found [petitioner] guilty of all nine counts charged. He was then sentenced to thirty years imprisonment on the sexual exploitation of a minor charge; thirty years imprisonment on three statutory sodomy charges relating to K.G.; life imprisonment on two of the statutory sodomy charges relating to K.G.; thirty years imprisonment on the statutory rape charge relating to K.G.; thirty years imprisonment on the statutory rape charge relating to A.G.; and ten years imprisonment on the statutory sodomy charge relating to A.G. The trial court further ruled that with the exception of the ten year sentence for the statutory sodomy of A.G., which was to run concurrent to the other sentences, all of the sentences were to run consecutively.
>
> In his direct appeal to this Court, [petitioner's] conviction for the sexual exploitation of K.G. was affirmed; however, the other eight convictions were reversed and remanded for a new trial. n. 4 *See Gray*, 230 S.W.3d at 621.
>
>> n. 4 This court has no knowledge as to whether a second trial was held in this matter.

(Respondent's Exhibit L, pp. 1-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In ground 1, petitioner claims that trial counsel was ineffective for persuading petitioner to waive a jury trial.

On appeal from the denial of his Mo. Sup. Ct. Rule 29.15 Motion, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> It has long been held that "[a] criminal defendant. . . has both a federal and state constitutional right to have a jury decide his or her guilt or innocence;" however, under Rule 27.01(b) a defendant may waive his right to a jury trial with the assent of the trial court. ***Luster v. State***, 10 S.W.3d 205, 210 (Mo. App. 2000). "The requirement in the rule that the waiver, in cases of felonies, must be 'in open court and entered of record,' does not require that it be in writing, although it is preferred." n.5 ***Id.*** (quoting ***State v. Mosley***, 728 S.W.2d 237, 238 (Mo. App. 1987)).
>
> > n.5 We note a written and signed waiver of jury trial was filed in the present matter and [petitioner] also

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-3-

> made a verbal waiver in open court. *See* ***State v. Britt***, 286 S.W.3d 859, 861-62 (Mo. App. 2009).

> To satisfy the performance prong of the ***Strickland*** test, so as to be entitled to an evidentiary hearing on this claim of ineffective assistance of trial counsel, the [petitioner] was required to allege facts, not conclusions, which were not refuted by the record and demonstrated that his trial counsel, before waiving the [petitioner's] right to a jury trial, was required, but failed, to advise him of this right and obtain his voluntary consent to waive it. Although in advising the [petitioner] of his right to a jury trial, his trial counsel was not required to use any specific terminology or insure that he had the same appreciation of such right as a member of the legal profession, he did have an obligation to explain the right to reasonably insure that the [petitioner] had an 'awareness of the meaning, incidents and benefits of a trial by jury and the implications and consequences of waiver of the right.'

***Id.*** at 211-12 (quoting ***Burrage v. State***, 477 S.W.2d 118, 120 (Mo. 1972)) (internal citations omitted).

Here, [petitioner] stated in his Rule 29.15 motion that he was persuaded by his trial counsel to waive his right to a jury trial despite the fact that [petitioner] "did not fully understand the potential benefits of trial before lay jurors as opposed to trial before a judge and [he] did not feel free to insist upon trial by jury." Accordingly he argued his jury trial waiver was "not knowing and voluntary." n. 6

> n. 6 [Petitioner's] point relied on takes no issue with whether his waiver was knowing or voluntary. While [petitioner] does raise the knowing and voluntary issue in the argument portion of his brief, it has long been held that this Court only considers arguments set out in the points relied on and we do not consider those arguments raised only in the argument portion of a brief. ***Helmig v. State***, 42 S.W.3d 658, 666 (Mo. App. 2001).

We observe that six pages of the trial transcript were devoted to [petitioner's] waiver of his right to counsel, and the trial court

-4-

> extensively examined [petitioner] as to the rights he would relinquish by waiving a jury trial. [Petitioner] also denied having been threatened or promised anything in exchange for waiving a jury trial. Additionally, [petitioner] stated that he "want[ed] to waive the jury on [his] own free will and [he] underst[ood] and [was] fine with that." Lastly, just before the trial court returned its verdict, it asked [petitioner] about his trial counsel's performance. [Petitioner] responded he was satisfied with his trial counsel's representation and also stated that he "did a fine job." As the State correctly points out in its brief and as we now hold, similar claims of ineffective assistance of counsel have been rejected by the motion court when the trial transcript reflects, as it does in this case, that [petitioner] appeared in open court and expressed his desire to waive a jury trial. *See* **State v. McGregory**, 955 S.W.2d 227, 228 (Mo. App. 1997). Our review of the record clearly shows that he waived his right to a jury trial voluntarily, knowingly and intelligently. **Britt**, 286 S.W.3d at 864.

(Respondent's Exhibit L, pp. 5-7).

The resolution of ground 1 by the state courts did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412-13 (2000).[2]

For the above reasons, ground 1 is denied.

## **GROUND 2**

---

[2] According to the opinion of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13.

In ground 2, petitioner claims that trial counsel was ineffective for allowing separate charges to be brought in one trial, thereby creating unfair prejudice, rather than insisting that petitioner be tried separately for sexual exploitation of a minor.

On appeal from the denial of his Mo. Sup. Ct. Rule 29.15 Motion, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> Here, on November 4, 2005, at a pretrial hearing, the State made a verbal motion to consolidate the three cases against [petitioner] for the purposes of trial. The trial court noted in its docket sheet that it was ordering the "causes tried simultaneously and as related cases. Parties agree to said entry." In his Rule 29.15 motion, [petitioner] then alleged ineffective assistance of counsel because trial counsel failed
>
>> to secure a separate trial of the charge of sexual exploitation of a minor. . . in view of the existence and ultimate introduction of DNA evidence that would constitute compelling proof of the statutory rape and statutory sodomy charges but would have no relevance to the sexual exploitation fo a minor charge and would be likely to influence the deliberation of the factfinder with respect to the latter charge.
>
> In denying this claim, the motion court found that [petitioner's] allegation
>
>> is purely speculation and not based on facts. He wishes the [motion court] to believe that if not for the other charges (and the DNA evidence) he would not have been convicted of sexual exploitation of a minor. [Petitioner] seems to forget the overwhelming evidence against him. All charges involved the same victim and witnesses. [Trial counsel] spoke with [petitioner] regarding the State's Motion to Consolidate and a letter was sent to the [trial court] by [trial counsel] on November 8, 2005[,] stating that as well as the decision not to object.
>>
>> [Petitioner] has fail[ed] to establish that [trial counsel] failed to exercise the customary skill and diligence that a reasonable competent attorney would exercise under similar circumstances. . . . [Petitioner] fails to

> prove he was prejudiced, he merely speculates and forms conclusions without providing this [c]ourt any evidence to support his position.

We agree with the reasoning espoused by the motion court. "'A trial court may, in its discretion and despite the objection of the defendant, consolidate for trial several indictments or informations against the same accused.'" *State v. Howton*, 890 S.W.2d 740, 744 (Mo. App. 1995) (quoting *State v. Anderson*, 785 S.W.2d 299, 304 (Mo. App. 1990)). "To determine whether such joinder is permissible, the court should engage in the same inquiry as it would in a challenge to the joinder of several counts into a single information." *Id.* "According to Rule 23.05[n.7] and [section] 545.140.2 . . . , [n.8] two or more crimes may be charged in the same indictment or information if all offenses are 'of the same or similar character.'" *Id.* "Also to be considered is the possibility of confusion or unfair prejudice resulting from the consolidation." *Anderson*, 785 S.W.2d at 305.

> n.7 Rule 23.05 sets out that
>
>> [a]ll offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.
>
> n.8 Section 545.140.2 states:
>
>> [n]otwithstanding . . . [R]ule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

-7-

> Under ***Howton***, 890 S.W.2d at 744, and ***Anderson***, 785 S.W.2d at 304-05, the charges here were all sexual offenses committed by [petitioner] against two minor females with the majority of the charges being against the same female; the charges all stemmed from a similar time period; and the facts alleged were similar in nature such that the trial court did not abuse its discretion in permitting consolidation. With that being said, [petitioner] here fails to allege in his brief that the trial court abused its discretion in making the ruling or that his trial counsel would have been successful in making an objection to the State's motion to consolidate. *See **Williams v. State***, 205 S.W.3d 300, 305 (Mo. App. 2006) (holding that it has long been held that a trial counsel's failure to make a non-meritorious objection is not ineffective assistance of counsel). [Petitioner], instead, focuses his attention on his argument that the consolidation was prejudicial because the DNA evidence *might* have unduly influenced the factfinder in relation to the sexual exploitation charge. Additionally, as already stated, this was not a jury trial. This matter was tried before the trial court which is presumed to not be "confused or misled by any allegedly irrelevant. . . evidence unless the record clearly demonstrates that the trial court considered and relied upon the inadmissible evidence." ***State v. Elliott***, 271 S.W.3d 604, 607 (Mo. App. 2007). Additionally, it is of note that in the direct appeal in this case it was specifically found by this Court that the DNA evidence had no effect on the verdict in relation to the sexual exploitation charge. ***Gray***, 230 S.W.3d at 619. [Petitioner] has again failed to plead facts unrefuted by the record and has not proven he was entitled to relief. *See **Coates***, 939 S.W.2d at 914-15. The motion court did not err in denying [petitioner's] Rule 29.15 motion without an evidentiary hearing.

(Respondent's Exhibit L, pp. 8-10).

The resolution of ground 2 by the state courts did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).

For the above reasons, ground 2 is denied.

**GROUND 3**

In ground 3, petitioner contends that the Missouri Court of Appeals erred in finding that the State's late endorsement of a DNA expert witness, Ms. Bollinger, and admission of DNA evidence, although sufficiently prejudicial to affect his convictions of statutory sodomy and statutory rape, did not affect his conviction of sexual exploitation of a minor.

At the outset, it should be noted that "[q]uestions relating to the admissibility of evidence are matters of state law and generally do not give rise to constitutional errors which are subject to redress in federal habeas corpus cases." Harrison v. Dahm, 880 F.2d 999, 1001 (8th Cir. 1989) (quoting Maggitt v. Wyrick, 533 F.2d 383, 385 (8th Cir.), cert. denied, 429 U.S. 898 (1976)). Only if the alleged error violates a specific constitutional right or is so prejudicial that it denies due process may a federal court grant habeas corpus relief on a state evidentiary issue. Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994).

On direct appeal, the Missouri Court of Appeals addressed the issue as follows:

> Case No. 27700. . . charged [petitioner] with sexually exploiting K.G. by "knowingly videotap[ing] and creat[ing] obscene material and child pornography with a minor/child K.G. (DOB 01-06-93)." As best this court can discern from the transcript that is part of the record on appeal, a videotape recording on which K.G. appeared was introduced in evidence as State's Exhibit No. 1A. This Court infers that Exhibit No. 1A is the basis for the charge that is the subject of No. 27700; however, the exhibit was not deposited with this court.
>
> [Petitioner] presents no argument directed to any claim of prejudice in No. 27700 resulting from evidence Ms. Bollinger provided at trial. This court's review of the record revealed no evidence provided by Ms. Bollinger that went to the charge in No. 27700. Mindful that '[i]t is an appellant's duty to insure that the record on appeal includes all the evidence and proceedings necessary for determination of the questions presented," ***State v. Sumowski***, 794 S.W.2d 643, 646 (Mo. banc 1990), this court finds that Ms. Bollinger's testimony and the DNA evidence she presented did not affect No. 27700.

(Respondent's Exhibit G, p. 7).

The resolution of ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).

For the above reasons, ground 3 is denied.

## GROUND 4

In ground 4, petitioner alleges that the State "altered and forged" the videotape that was used as evidence against him at trial. Respondent correctly contends that ground 4 is procedurally defaulted.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner defaulted the claims set forth in ground 4 by not raising them on direct appeal or on appeal from the denial of his Rule 29.15 motion. Consequently, this ground for relief may not be reviewed by the Court unless petitioner can demonstrate cause and

-10-

actual prejudice or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that petitioner has demonstrated "cause" for his procedural default.

The record indicates that, at trial, the defense called a video editing expert to testify on petitioner's behalf. (Respondent's Exhibit A-2, pp. 367-385). Therefore, any evidence of videotape alteration was available at the time of trial, and petitioner could have raised the issues presented in ground 4 in the state courts. Petitioner does not show cause for failing to do so.

Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for his procedural default, the Court can still reach the merits of his claim if he can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence... that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted [him] in light of the new evidence." Id. (citing Schlup v. Delo, 513 U.S. 298 (1995)). A review of the record reveals that petitioner has failed to satisfy this test.

Petitioner has failed to show cause for and prejudice from the default ground 4. He has also failed to meet the Schlup standard for actual innocence. Id. Therefore, a federal review of these grounds is not required to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495.

For the above reasons, ground 4 is denied.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a

-11-

petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.


    /s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: April 16, 2012.